IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MALCOLM CASSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-725 (JLH) |
| | ) |
| SGT. CURRINGTON, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Malcolm Casson, James T. Vaughn Correctional Center, Smyrna, Delaware – Pro Se Plaintiff.

May 14, 2024
Wilmington, Delaware

HALL, U.S. DISTRICT JUDGE:

## I. INTRODUCTION

Plaintiff Malcolm Casson, an inmate confined at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (D.I. 3.) Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 10.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). In May 2023, another inmate (who was not Plaintiff's cellmate) entered Plaintiff's cell, tried to sexually assault him, and choked him when he tried to escape. Plaintiff managed to escape the cell without being sexually assaulted. The next day, Plaintiff was moved to a new cell, and the reason he was given for the move was "for fighting." (D.I. 3 at 6–7.) When he protested that he was defending himself, he was told by the correctional officers that he should tell the hearing officer. Plaintiff told his side of events at his "preliminary hearing," but he was told that no matter what was going on, according to the rules, Plaintiff was fighting and instead should have run away or balled up and yelled for help until an officer came. The same dialogue transpired at Plaintiff's disciplinary hearing, with Plaintiff being told that, under the rules, he was guilty of fighting regardless of why the fight took place and that he should have run or balled up and yelled for help. Plaintiff was found guilty of fighting and "sanctions" were imposed. (*Id.* at 9.) Plaintiff's appeal was denied.

1

Plaintiff further alleges that he was seen by the medical staff for mental health issues he was having related to the assault, and he was told that mental health staff would come to see him. It is unclear if he is alleging that he was never seen by mental health staff.

Plaintiff purports to bring deliberate indifference claims based on the result of his disciplinary hearing and on the existence of a rule or policy that prisoners cannot defend themselves without being disciplined for fighting. Plaintiff requests as relief that the Court enjoin enforcement of the rule or policy, order that the disciplinary report be removed from his record, order that he receive a mental health appointment, and order that Plaintiff be returned to "the same status he was at prior to the beating/assault." (*Id.* at 16.) He also requests damages. (*Id.*)

### III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV. <u>DISCUSSION</u>

Notably, Plaintiff does not bring a failure to protect claim against any individual Defendant. In other words, he does not allege that any of the Defendants knew or should have known the assault would happen or was happening and failed to stop it.

Furthermore, courts have held that rules or policies of the type Plaintiff challenges are not unconstitutional. As the Seventh Circuit has explained, there is no federal constitutional right to fight in self-defense while incarcerated:

> Given that there is virtually no support for such a judicially created constitutional right in the criminal law, we believe that manufacturing such a right for application in non-criminal, prison disciplinary proceedings is even less justified. This is particularly so where prison authorities daily face an intractable problem of violence within the prison walls. A right that threatens to undermine prison discipline by encouraging inmates to combat violence with more violence subverts a core prison function of ensuring order and safety within the institution. Without disputing or passing on the primacy of the "right" of self-defense in a criminal law context, we determine that in view of our deference to the administrative discretion of prison authorities, prisoners do not have a fundamental right to self-defense in disciplinary proceedings.

*Rowe v. DeBruyn*, 17 F.3d 1047, 1052–53 (7th Cir. 1994); *see also Williams v. Kort*, 223 F. App'x 95, 100 (3d Cir. 2007) (agreeing with *Rowe* that prisoners do not have a constitutional right to self-defense); *Shakur v. McNeil*, No. 20-708, 2020 WL 4818906, at *9 (D. Conn. Aug. 17, 2020); *Muhammad v. Commonwealth of Va.*, No. 14-529, 2016 WL 1071039, at *3 n.6 (W.D. Va. Mar. 17, 2016); *Roles v. Armfield*, No. 12-363, 2012 WL 6019141, at *2–3 (D. Idaho Dec. 3, 2012); *Sack v. Canino*, No. 95-1412, 1995 WL 498709, at *1 (E.D. Pa. Aug. 21, 1995). The Court agrees and concludes that Plaintiff's challenge to the purported rule or policy lacks merit.

Additionally, to the extent that Plaintiff alleges a due process violation based on various Defendants' actions regarding the disciplinary report and hearings, his claims fail because the punishment he indicates was imposed (a move to a different cell and a status change) does not amount to an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *see also Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003); *Smith v. Mensinger*, 293 F.3d 641, 645, 654 (3d Cir. 2002) (seven months in disciplinary confinement did not implicate a liberty interest); *Torres v. Fauver*, 292 F.3d 141, 151-52 (3d Cir. 2002) (disciplinary detention for 15 days and administrative segregation for 120 days was not atypical treatment and therefore did not implicate a protected liberty interest).

It does not appear that Plaintiff can state a cognizable claim based on his allegations. Out of an abundance of caution, however, Plaintiff will be given one opportunity to file an amended complaint.

Plaintiff has filed a request for appointed counsel (D.I. 5) and a request for production of documents (D.I. 6). His request for appointed counsel will be denied without prejudice to renew,

4

given that the Court has determined that his claims lack merit. His request for production of documents will be denied as premature.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.

5